# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD HALVERSON, #1030045 | ) ) ) |
| Plaintiff, | ) 2:10-cv-01132-PMP-LRL |
| vs. | ) ) |
| HOWARD SKOLNIK, *et al.*, | ) **ORDER** ) |
| Defendants. | ) ) |

On July 9, 2010, plaintiff filed a document styled "Emergency Medical Civil Rights Complaint" (docket #1). Plaintiff set forth the following allegations, among others: (2) on or about late June 2010, Southern Desert Correctional Center ("SDCC") medical personnel began issuing different syringes for use by diabetic inmates that were non-blister-packaged, non-single-use syringes; (2) such syringes were used after their expiration date of February 2010; and (3) inmates may be or may have been issued re-used syringes. The court noted that it had not yet screened the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Prisoner Litigation Reform Act (PLRA), for sufficiency, including as to defendants. However, in light of the apparent urgency demonstrated by the alleged risk of irreparable harm, the court indicated that it would treat the complaint as an emergency motion for temporary

restraining order, and defendants were directed to respond to the substantive allegations set forth above only.

Defendants filed their response on August 4, 2010 (docket #9). With respect to the substantive allegations, defendants provide the affidavits of four SDCC nurses who attest the following: that on the dates in question, they each issued brand-new, single-use syringes from blister packs of ten syringes to the insulin-dependent, diabetic inmates; that the syringes were and are then collected and disposed of properly; and that they were unaware at the time that some syringes issued were beyond their use date. Defendants include the affidavit of SDCC Director of Nursing Services Cheryl Dressler, which states that she purchased syringes from a supplier in late June; that she was unaware that some syringes were beyond their use date; that she was informed on or about July 1, 2010 that some syringes were beyond the use date; that she immediately instructed SDCC staff to cease distributing such syringes and that presently no syringes that are beyond their use date are being issued or used at SDCC. Finally, defendants include the affidavit of NDOC Medical Director R. Bruce Bannister, in which he states that in his professional medical opinion, there is no chance that a serious blood-borne illness would be transmitted by an unopened, expired syringe.

The court may issue temporary restraining orders and other injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure. A party seeking a preliminary injunction must fulfill one of two standards, described in the Ninth Circuit as "traditional" and "alternative." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of hardships favors the moving party; and (4) the public interest favors granting relief. Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions exist and the balance of hardships tips sharply in its favor. *Cassim*, 824 F.2d at 795.

Defendants have provided the affidavits of SDCC medical personnel that demonstrate

that only new syringes are issued to the insulin-dependent diabetic inmates, that the syringes are collected and properly disposed of and that no syringes have or are being re-used at SDCC. Accordingly, the court finds that there is no risk of irreparable harm to inmates from exposure to re-used syringes, and no basis exists for granting preliminary injunctive relief.

This action has been consolidated with three other actions that set forth similar allegations: *Frixione v. Skolnik, et al.*, 2:10-cv-01235-PMP-LRL; *Jones v. Skolnik, et al.*, 2:10-cv-01214-PMP-LRL; *Rea v. Skolnik, et al.*, 2:10-cv-01217-PMP-LRL. For good cause shown, normal procedures pursuant to 28 U.S.C. § 1915(e)(2) will resume in all four consolidated actions.

**IT IS THEREFORE ORDERED** that the telephonic hearing on this matter set for Friday, August 6, 2010 at 8:30 a.m. is **VACATED.**

**IT IS FURTHER ORDERED** that the Clerk of Court **shall file** a copy of this order in each of these actions:

FRIXIONE V. SKOLNIK, ET AL., 2:10-cv-01235-PMP-RJJ;

JONES V. SKOLNIK, ET AL., 2:10-cv-01214-RLH-LRL;

REA V. SKOLNIK, ET AL., 2:10-cv-01217-PMP-PAL.

DATED this __5th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE