UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD HALVERSON, #1030045 | ) ) ) ) |
| Plaintiff, | ) 2:10-cv-01132-PMP-LRL ) |
| vs. | ) ) **ORDER** |
| HOWARD SKOLNIK, *et al.*, | ) ) |
| Defendants. | ) ) |

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983,[1] which plaintiff styled as an "Emergency Medical Complaint" (docket #1). In July 2010, the court ordered briefing on the emergent allegations only and subsequently denied preliminary injunctive relief in its order dated August 5, 2010 (docket #10). Plaintiff has appealed that order (docket #17). As an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case, normal screening procedures pursuant to 28 U.S.C. § 1915(e)(2) now resume in this action. *See Plotkin v. Pacific Tel. and Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982); *Rouser v. White*, __ F.Supp.2d __, 2010 WL 1525342 *4 (E.D. Cal. April 15, 2010). As discussed below, the complaint must be dismissed for failure to exhaust administrative remedies.

**I. Screening Standard**

---

[1] This action has been consolidated with the following actions (and is the lead case): *Frixione v. Skolnik, et al.*, 2:10-cv-01235-PMP-LRL; *Jones v. Skolnik, et al.*, 2:10-cv-01214; *Rea v. Skolnik, et al.*, 2:10-cv-01217-PMP-LRL; *Powell v. Skolnik, et al.*, 2:10-cv-01182-PMP-LRL; *Charbonnet v. Skolnik, et al.*, 2:10-cv-01273-PMP-LRL. However, each action is proceeding in its own right.

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Nietzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id*. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All or part of a complaint filed by a prisoner may be dismissed *sua sponte*, however, if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are

1 untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal
2 interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*
3 fantastic or delusional scenarios). *See Neitzke*, 490 U.S. at 327-28; *see also McKeever v. Block*, 932
4 F.2d 795, 798 (9th Cir. 1991).

5         To sustain an action under section 1983, a plaintiff must show (1) that the conduct
6 complained of was committed by a person acting under color of state law; and (2) that the conduct
7 deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689
8 (9th Cir. 2006).

## II. Instant Complaint

10     Plaintiff, who is incarcerated at Southern Desert Correctional Center ("SDCC"), has sued
11 Nevada Department of Corrections ("NDOC") Director Howard Skolnik, Nevada Attorney General
12 Catherine Cortez-Masto, SDCC Warden Brian Williams, and Does SDCC medical personnel and
13 "unknown medical supplier." Plaintiff alleges that he is an insulin-dependent diabetic and that on June
14 28-30, 2010, SDCC medical personnel issued him a different type of insulin syringe. He claims that the
15 new syringes were not issued in a blister package, nor are they single-use syringes because the needle
16 portion of the syringe does not retract or otherwise become inoperative after a single use. He further
17 alleges that he saw syringe packaging bearing an expiration date of February 2010. He claims that he
18 questioned the medical staff and was told "so, use them or don't, it's all we have." He alleges that
19 defendants Skolnik and Williams directed and/or allowed and/or failed to prevent the purchase and use
20 of out of date, non-single use, possibly contaminated syringes. Plaintiff asserts that he fears that he and
21 other inmates may be using and/or re-using contaminated syringes. He seeks injunctive relief including
22 an order directing SDCC to discontinue use of such syringes and to test the blood of inmates that have
23 already used the syringes for blood-borne diseases.

24     "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse."
25 *Hoptowit v. Ray*, 682 F.2d 1237, 1250 (9th Cir. 1982); *see also Farmer v. Brennan*, 511 U.S. 825, 833
26 (1994); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005); *Robinson v. Prunty*, 249 F.3d 862, 866

(9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferen[t]" to serious threats to the inmate's safety. *See Farmer*, 511 U.S. at 834. To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837; *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1187-88 (9th Cir. 200 2; *Jeffers v. Gomez*, 267 F.3d 895, 913 (9th Cir. 2001) (*per curiam*); *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

In a complaint brought pursuant to § 1983, the plaintiff should specifically identify each defendant to the best of his or her ability, clarify what constitutional right he or she believes each defendant has violated and support each claim with factual allegations about each defendant's actions. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). The plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

Further, before plaintiff can commence a civil rights action with respect to prison conditions, he or she must first exhaust the administrative remedies that are available. 42 U.S.C. § 1997e(a). The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). The failure to exhaust is an affirmative defense, which often requires proof of facts not on the face of the complaint. *See Wyatt v. Terhune*, 280 F.3d 1238, 1245-46 (9th Cir. 2002). However, when it is clear from the face of the complaint that a

prisoner did not exhaust the administrative remedies, then the court must dismiss the action pursuant to 28 U.S.C. § 1915A.  *See Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002).  Here, plaintiff states at page 8 of the complaint that he did not exhaust the available administrative grievance procedures at SDCC, and therefore, the court must dismiss this action.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that plaintiff's motion to introduce into evidence (docket #2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion re conflict of interest of Catherine Cortez-Masto (docket #5) is **DENIED**.

**IT IS FURTHER ORDERED** that the following letters filed by plaintiff: docket #s 14, 26, 27 are **STRICKEN**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED:  October 6, 2010.

PHILIP M. PRO
United States District Judge